[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13134
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20739-DMM-17

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEREMIAH JENKINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 11, 2015)

Before WILLIAM PRYOR, MARTIN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Jeremiah Jenkins appeals his 12-month custodial sentence following the revocation of his supervised release.  On appeal, Jenkins argues that his sentence is procedurally unreasonable because the district court relied on unproven facts in imposing his sentence.  He also argues that his sentence is substantively unreasonable because the district court failed to adequately consider all of the 18 U.S.C. § 3553(a) factors.  After careful consideration, we affirm.

I.

We review the reasonableness of a sentence for an abuse of discretion, and we will reverse only if the district court made a clear error in judgment.  United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008).  A district court may revoke a defendant's supervised release and impose a term of imprisonment if the court finds, by a preponderance of the evidence, that the defendant violated a condition of his supervised release.  18 U.S.C. § 3583(e)(3).  In determining an appropriate sentence following the revocation of supervised release, "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."  United States Sentencing Guidelines ch. 7, pt. A(3)(b).

Reviewing the reasonableness of a sentence is a two-part process that requires us to ensure that first, the district court did not commit a significant procedural error, and second, that the sentence is substantively reasonable.  Gall v.

United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  The party who challenges the sentence bears the burden of establishing that the sentence is unreasonable.  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

"A sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines range, treats the Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence."  United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008) (per curiam).  Jenkins cannot show that the district court committed a significant procedural error.  At his revocation of supervised release hearing, the government introduced evidence that Jenkins had been arrested in Iowa and was subject to two arrest warrants in Georgia.  Although Jenkins argues that there was insufficient evidence for the district court to find that he committed offenses in Iowa and Georgia, the district court made no such finding.  Instead, the court stated only that the arrest and arrest warrants showed that Jenkins had left the Southern District of Florida without permission—which itself violated the conditions of Jenkins's supervised release.[1]  Revocation Tr. 17, July 17, 2014 ("And so am I considering those arrests at least in connection with his departure from the district, although I'm not concluding that he committed those crimes.").

---

[1] Jenkins does not dispute that he left the Southern District of Florida without permission.

3

Nor can Jenkins show that his sentence was substantively unreasonable. In evaluating the substantive reasonableness of a sentence, "[w]e consider the totality of the circumstances and evaluate whether the sentence achieves the sentencing purposes stated in § 3553(a)." United States v. Sarras, 575 F.3d 1191, 1219 (11th Cir. 2009). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) (quotation omitted). As such, the district court need not specifically address every mitigating factor raised by the defendant in order for the sentence to be substantively reasonable. See United States v. Snipes, 611 F.3d 855, 873 (11th Cir. 2010). In addition, the fact that a sentence is well below the statutory maximum sentence weighs in favor of reasonableness. See Gonzalez, 550 F.3d at 1324.

In this case, Jenkins's 12-month sentence was one month above the high end of his advisory Guidelines range, but well below the 24-month statutory maximum for his offense. See 18 U.S.C. § 3583(e)(3). Although Jenkins contends that the district court improperly balanced the § 3553(a) factors, his sentence is not substantively unreasonable simply because the district court failed to specifically address every mitigating factor he raised. See Snipes, 611 F.3d at 873. Similarly, it was not an abuse of discretion for the district court to place greater emphasis on

4

Jenkins's criminal history than on his acceptance of responsibility because the weight to give any particular § 3553(a) factor is within the discretion of the trial court.  See Clay, 483 F.3d at 743.

For these reasons, Jenkins has not established that his sentence was either procedurally or substantively unreasonable.

**AFFIRMED.**